**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | |
|---|---|
| **ELEANOR MCKOY**<br>**Individually and as the Personal**<br>**Representative of the Estate of**<br>**Timothy Lionel Williams**<br>**1830 Maryland Avenue, N.E.,**<br>**Apt # 3**<br>**Washington D.C. 20002**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**THE DISTRICT OF COLUMBIA**<br>**441 4th Street, N.W.,**<br>**Washington D.C. 20001**<br><br>**SERVE:**<br>**The Honorable Muriel Bowser**<br>**Executive Office of the Mayor**<br>**1350 Pennsylvania Avenue, N.W.,**<br>**Suite 316**<br>**Washington D.C. 20004**<br><br>**Karl A. Racine, Attorney General for the**<br>**District of Columbia**<br>**Office of the Attorney General**<br>**441 4th Street, N.W.,**<br>**Suite 650**<br>**Washington D.C. 20004**<br><br>**And**<br><br>**DISTRICT OF COLUMBIA**<br>**METROPOLITAN POLICE**<br>**DEPARTMENT**<br>**OFFICER JOHN DOE 1**<br>**300 Indiana Avenue, N.W.,**<br>**Room 4115**<br>**Washington D.C. 20001**<br><br>**And**<br><br>**DISTRICT OF COLUMBIA** | **Case No.:** _____ |

| | |
|---|---|
| **METROPOLITAN POLICE** | ) |
| **DEPARTMENT** | ) |
| **OFFICER JOHN DOE 2** | ) |
| **300 Indiana Avenue, N.W.,** | ) |
| **Room 4115** | ) |
| **Washington D.C. 20001** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Eleanor McKoy, individually and as the Personal Representative of the Estate of Timothy Lionel Williams, by and through their counsel, Brian K. McDaniel, Esq., of The McDaniel Law Group, P.L.L.C., respectfully submits the Complaint against the District of Columbia and District of Columbia Metropolitan Police Department officers John Doe 1 and John Doe 2. In support of this Complaint, Plaintiffs allege:

## JURISDICTION

1. Jurisdiction before this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court also has supplemental jurisdiction of all claims pursuant to 28 U.S.C. § 1367 (a).

2. Plaintiffs bring this action to redress the deprivation of rights secured to Timothy Lionel Williams by the United States Constitution, as made actionable under 42 U.S.C. § 1983, and other rights secured to him by the District of Columbia law.

3. Venue is proper under 28 U.S.C. § 1391(b) because all of the acts or omissions giving rise to this action occurred in the District of Columbia.

4. On May 10, 2017, the District of Columbia was given notice of this claim pursuant to D.C. Code § 12-309.

## PARTIES

5. Plaintiff, Eleanor McKoy was at all times relevant herein a resident of the District of Columbia.

6. Plaintiff, Eleanor McKoy is the biological sister of Timothy Lionel Williams and the Personal Representative of the Estate of Timothy Lionel Williams (administration number 2017 ADM 000776).

7. Defendant, District of Columbia is a municipal corporation organized pursuant to the laws of the United States with the authority to sue and be sued and the local government for the territory constituting the permanent seat of the federal government of the United States.

8. At all times relevant herein, Defendant, District of Columbia among other things is responsible for the operation of the District of Columbia Metropolitan Police Department as an agency of the local government.

9. At all times relevant herein, Defendant, District of Columbia is responsible for the policies, procedures, rules, regulations, and customs set forth and utilized for the supervision of the District of Columbia Metropolitan Police Department and all District of Columbia Metropolitan Police Department officers.

10. At all times relevant herein, Defendant, Officer John Doe 1, was a duly licensed officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

11. At all times relevant herein, Defendant, Officer John Doe 2, was a duly licensed officer and an employee of Defendant District of Columbia and the District of Columbia Metropolitan Police Department.

**FACTS**

12. On the evening of February 23, 2017, at or about 10:40 pm, Timothy Lionel Williams was in and around the area of Morse Street, N.E., and Holbrook Street, N.E.

13. Relatives of Timothy Lionel Williams lived just a few blocks from the area of Morse Street, N.E., and Holbrook Street, N.E.

14. At the same time and place, two officers of the District of Columbia Metropolitan Police Department were canvassing the area. The two officers were part of the Crime Suppression Team. The two officers are identified as Defendant officers John Doe 1 and John Doe 2.

15. Defendant officers John Doe 1 and John Doe 2 attempted to make contact with Timothy Lionel Williams at which time the officers allege that Mr. Williams ran from them. The officers pursued Mr. Williams.

16. Upon information and belief, Timothy Lionel Williams ran for approximately a block at which time he ran into an unmarked vehicle and fell to the ground.

17. While on the ground and in a defenseless position and flat on his back, Defendant officers John Doe 1 and John Doe 2, converged on Mr. Williams and got on top of him.

18. Defendant officer John Doe 1 and John Doe 2 fired three times with their service weapons into the body of Timothy Lionel Williams as he lay on his back in the street.

19. Timothy Lionel Williams was struck in the chest, foot and leg.

20. At no time during the incident did Timothy Lionel Williams pose a threat to Defendant officers John Doe 1 and John Doe 2.

21. As a result of being shot by Defendant officer John Doe 1 and John Doe 2, Timothy Lionel Williams lost his life.

Case 1:18-cv-00416-RBW   Document 1   Filed 02/23/18   Page 5 of 16

22. Defendant officers John Doe 1 and John Doe 2 acted intentionally and/or recklessly and with deliberate disregard to Timothy Lionel Williams' constitutional and common law rights, and in intentional or reckless disobedience of MPD regulations.

23. The use of unreasonable and/or excessive force by the Defendant officers John Doe 1 and John Doe 2 are subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

24. The shooting of Timothy Lionel Williams by Defendant John Doe 1 and John Doe 2 was in direct violation of any and all applicable regulation(s) and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26 and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

25. No reasonable police officer could have believed that there was a need to shoot and kill Timothy Lionel Williams given that he was flat on his back and not otherwise posing any threat to Defendant officers John Doe 1 and John Doe 2.

26. At all relevant times, Defendant officers John Doe 1 and John Doe 2:

   a. Wore the apparel of the District of Columbia Metropolitan Police Department;

   b. Used the resources of the District of Columbia Metropolitan Police Department;

   c. Was on active duty as an officer of the District of Columbia Metropolitan Police Department;

   d. Acted under their authority as an officer of the District of Columbia Metropolitan Police Department; and

   e. Acted under the color of law, statute, ordinance, regulation, custom and usage of the District of Columbia.

5

## COUNT I
### (Survival Act)

27. Plaintiff incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

28. Pursuant to the Survival Act, D.C. Code §12-101, Timothy Lionel Williams' right of action for wrongful and negligent conduct against the defendants survives in favor of the plaintiff, the legal heirs of Timothy Lionel Williams. The Plaintiff demands all damages recoverable under the Act including substantial damages for the loss of future wages, any and all medical expenses and costs, conscious pain and suffering, and any and all other damages recoverable under the Act.

## COUNT II
### (Wrongful Death)

29. Plaintiff incorporates by reference paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff's claims under common law negligence are actionable under the Wrongful Death Act, D.C. Code § 16-2701.

31. As a direct result of the wrongful acts committed by Metropolitan Police Department officers John Doe 1 and 2, Plaintiff incurred burial expenses, loss of pecuniary value of services expected to be performed by Timothy Lionel Williams, and other damages recoverable under the Act.

32. As a result of the death of Timothy Lionel Williams, Plaintiff has been deprived of his care, love, attention, companionship, guidance, and comfort which he would have provided had he not been pursued by District of Columbia Metropolitan Police officers John Doe 1 and 2, shot and subsequently killed.

## COUNT III
## <u>42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution</u>
### (Against Officers John Doe 1 and John Doe 2)

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

35. Decedent, Timothy Lionel Williams is a citizen of the United States and Defendant officers John Doe 1 and John Doe 2 to this claim are persons for the purposes of 42 U.S.C. § 1983.

36. Defendant officers John Doe 1 and John Doe 2, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

37. At no time relevant to this action Timothy Lionel William a threat to the safety of the police officers, himself or others.

38. At the time of the complained of events, Timothy Lionel Williams had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

39. Timothy Lionel Williams also had a clearly established Constitutional right under the Fifth and Fourteenth Amendments of the U.S. Constitution to bodily integrity and to be free from excessive force by law enforcement.

40. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

41. Defendant officers John Doe 1 and John Doe 2's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mr. Williams.

42. Defendant officers John Doe 1 and John Doe 2's actions and use of force, as described herein, was also malicious and/or involved reckless, callous, and deliberate indifference to Timothy Lionel Williams' federally protected rights. The force used by Defendant officers John Doe 1 and John Doe 2 shocks the conscience and violated Mr. Williams' rights under the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

43. Defendant officers John Doe 1 and John Doe 2 unlawfully seized Timothy Lionel Williams by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Williams of his freedom when Defendant officers John Doe 1 and John Doe 2 held him down in the middle of the street.

44. Defendant officers John Doe 1 and John Doe 2 used unnecessary deadly force when the officers drew their weapons and discharged their weapons multiple times into the defenseless body of Timothy Lionel Williams as he was being restrained on his back in the middle of the street causing his death.

45. Defendant officers John Doe 1 and John Doe 2 engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Timothy Lionel Williams' federally protected constitutional rights.

46.     Defendant officers John Doe 1 and John Doe 2 did so with shocking and willful indifference to Timothy Lionel Williams' rights and his conscious awareness that they would cause him severe physical and emotional injuries.

47.     The acts or omissions of Defendant officers John Doe 1 and John Doe 2 were the moving forces behind Timothy Lionel Williams' death.

48.     Defendant officers John Doe 1 and John Doe 2 acted in concert and joint action with each other.

49.     The acts or omissions of Defendant officers John Doe 1 and John Doe 2, as described herein, intentionally deprived Timothy Lionel Williams of his constitutional rights and caused his death.

50.     Defendant officers John Doe 1 and John Doe 2, by means of physical force and show of authority complained of herein, restrained the liberty of the Timothy Lionel Williams.

51.     Given the circumstances, no reasonable person in Timothy Lionel Williams' position would have believed themselves free to leave.

52.     Defendant officers John Doe 1 and John Doe 2, as a government officer, intentionally applied means to terminate Timothy Lionel Williams' freedom of movement.

53.     Defendant officers John Doe 1 and John Doe 2 are not entitled to qualified immunity for the complained of conduct.

54.     Defendant officers John Doe 1 and John Doe 2 at all times relevant hereto were acting pursuant to District of Columbia custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Timothy Lionel Williams.

55.     As a proximate result of Defendant officers John Doe 1 and John Doe 2's conduct, Plaintiff has suffered damages entitling her to compensatory damages. As a further result of the

Defendant officers John Doe 1 and John Doe 2's unlawful conduct, Plaintiff incurred special damages and expenses. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate her for Mr. Williams' death and the violations of Mr. Williams' Constitutional and civil rights.

56. In addition to compensatory, economic, consequential and special damage, Plaintiff is entitled to punitive damages against Defendant officers John Doe 1 and John Doe 2 under 42 U.S.C. § 1983, in that the actions of Defendant officers John Doe 1 and John Doe 2 were taken maliciously, willfully or with a reckless or wanton disregarding of the constitutional rights of Mr. Williams.

**COUNT IV**
**<u>Assault</u>**
**(As to Defendant officers John Doe 1 and John Doe 2 and District of Columbia)**

57. Plaintiff incorporates by reference paragraphs 1 through 56 as if fully set forth herein.

58. Defendant officers John Doe 1 and John Doe 2's pursuit of Timothy Lionel Williams, without provocation or a reasonable or valid basis to do so demonstrates that they engaged in harmful conduct towards Mr. Williams particularly as it applies to the pursuit of Mr. Williams, restraining to the ground of Mr. Williams, the drawing and firing of their service weapons into the body of Mr. Williams, which resulted in his death.

59. As a result of Defendant officers John Doe 1 and John Doe 2's conduct, it caused Timothy Lionel Williams to reasonably apprehend that he would be subjected to imminent harmful or offensive contact and that Defendant officers John Doe 1 and John Doe 2 had the clear and present ability to carry out the expected harmful or offensive contact.

60. Defendant officers John Doe 1 and John Doe 2, without proper grounds, willfully and maliciously shot Timothy Lionel Williams in the chest, leg and foot.

61. The wounds suffered by Timothy Lionel Williams were inflicted while he presented no immediate threat to anyone of the Defendant officers John Doe 1 or John Doe 2.

62. As a direct and proximate result of Defendant officers John Doe 1 and John Doe 2's willful, malicious and intentional actions Timothy Lionel Williams was shot and killed.

63. Defendant officers John Doe 1 and John Doe 2's actions towards Timothy Lionel Williams constitute an assault in violation of the common law of the District of Columbia.

64. At all times relevant herein, Defendant officers John Doe 1 and John Doe 2 were acting under the color of law, custom or usage of the District of Columbia.

65. At all times relevant herein, Defendant officers John Doe 1 and John Doe 2 committed this unlawful conduct towards Mr. Williams while acting as police officers employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interest of his employer the District of Columbia.

66. Defendant District of Columbia is liable for the actions taken by Defendant officers John Doe 1 and John Doe 2 pursuant to the doctrine of respondeat superior.

## COUNT V
### Battery
**(Against Officers John Doe 1 and John Doe 2 and District of Columbia)**

67. Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68. As described herein, Defendant officers John Doe 1 and John Doe 2 intentionally battered Timothy Lionel Williams by shooting him without provocation or a valid basis to do so, which resulted in Mr. Williams' death.

69. As described herein, when Defendant officers John Doe 1 and John Doe 2 shot Timothy Lionel Williams, he was wounded, harmed as a result of those wounds and succumbed to those wounds, which resulted in his death.

70. Defendant officers John Doe 1 and John Doe 2 actions as noted above constitute battery in violation of the common law of the District of Columbia.

71. At all times relevant herein, Defendant officers John Doe 1 and John Doe 2 was acting under the color of law, custom or usage of the District of Columbia.

72. At all times relevant herein, Defendant officers John Doe 1 and John Doe 2 committed this unlawful conduct towards Timothy Lionel Williams while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of his employer the District of Columbia.

73. Defendant, District of Columbia is liable for the actions taken by Defendant officers John Doe 1 and John Doe 2 in the battery of Mr. Williams pursuant to the doctrine of respondeat superior.

### COUNT VI
### False Arrest
**(Against Defendant officers John Doe 1 and John Doe 2 and District of Columbia)**

74. Plaintiffs incorporate by reference paragraphs 1 through 73 as if fully set forth herein.

75. At the time of the incident, neither Defendant officer John Doe 1 nor John Doe 2, had probable cause to arrest Timothy Lionel Williams.

76. There was no legal justification for Defendant officers John Doe 1 and/or John Doe 2 to arrest Timothy Lionel Williams.

77. This arrest caused Timothy Lionel Williams to endure emotional and physical pain suffering and fear as well as shame and mortification as a result of the incident and his arrest, which ended his life.

78. At all times relevant herein, Defendant officers John Doe 1 and John Doe 2 were acting under the color of law, custom or usage of the District of Columbia.

79. At all times relevant herein, Defendant officers John Doe 1 and John Doe 2, committed their unlawful conduct while acting as police officers employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interest of their employer in the District of Columbia.

80. Defendant, District of Columbia is liable for the false arrest of the Timothy Lionel Williams pursuant to the doctrine of respondeat superior.

## COUNT VII
### Negligent Infliction of Emotional Distress
**(Against Defendant officers John Doe 1 and John Doe 2 and District and Columbia)**

81. Plaintiff incorporates by reference paragraphs 1 through 80 as if fully set forth herein.

82. The actions taken by Defendant officers John Doe 1 and John Doe 2 complained of herein were extreme, outrageous, willful, malicious and intentional and were done carelessly with reckless disregard for Timothy Lionel Williams' safety while he was in the immediate zone of physical danger.

83. As a result of Defendant officer John Doe 1 and John Doe 2's extreme, outrageous, willful, malicious and intentional conduct which was done carelessly with reckless disregard for Timothy Lionel Williams' safety, he suffered mental and emotional distress from the time of his

13

initial encounter with Defendant officers John Doe 1 and John Doe 2, during the entire pursuit from the time he was shot up to an including the time he died.

84. As a result of Defendant officer John Doe 1 and John Doe 2's extreme, outrageous, willful, malicious and intentional conduct, which was done carelessly with reckless disregard for Timothy Lionel Williams' safety, he suffered mental and emotional distress as a result of being shot, which resulted in his death.

85. At all times relevant herein, Defendant officer John Doe 1 and John Doe 2 were acting under the color of the law, custom or usage of the District of Columbia.

86. At all times relevant herein, Defendant officer John Doe 1 and John Doe 2 committed this unlawful conduct while acting as a police officer employed by the District of Columbia Metropolitan Police Department, and acting on behalf of, and in the interests of their employer, the District of Columbia.

87. Defendant, District of Columbia is liable for the Negligent Infliction of Emotional Distress of Timothy Lionel Williams pursuant to the doctrine of respondeat superior.

### COUNT VIII
### Negligence
**(Against Defendant officer John Doe 1 and John Doe 2 and District of Columbia)**

88. Plaintiff incorporates by reference paragraphs 1 through 87 as if fully set forth herein.

89. Assuming *arguendo* if Defendant officers John Doe 1 and John Doe 2 had the right to arrest Timothy Lionel Williams on February 23, 2017, the officers had a duty to exercise at the minimum ordinary care and use of the minimal amount of force necessary to accomplish the objective of apprehending and arresting Mr. Williams.

90. Defendant officers John Doe 1 and John Doe 2 had a duty to employ only reasonable measures in their encounter and interaction with Timothy Lionel Williams as well as in their treatment of Mr. Williams.

91. Notwithstanding those duties, Defendant officers John Doe 1 and John Doe 2 negligently took police action in using unlawful, excessive and unreasonable force on Timothy Lionel Williams, in as much as no force was warranted under the circumstances.

92. Defendant officers Defendant John Doe 1 and John Doe 2 breached the duty to exercise ordinary care because they acted carelessly, and using excessive, unnecessary and gratuitous force, shot Timothy Lionel Williams in the chest, leg and foot which resulted in his death.

93. Defendant officers Defendant John Doe 1 and John Doe 2 provoked the shooting and the ultimate death of Timothy Lionel Williams by drawing their guns.

94. As a result of the Defendant officers John Doe 1 and John Doe 2's failure to use ordinary care and the minimum amount of force necessary to accomplish their objective, Timothy Lionel Williams suffered the ultimate seizure of being shot and killed by the aforementioned defendants.

95. Defendant, District of Columbia is liable for the actions taken by Defendant officers John Doe 1 and John Doe 2 pursuant to the doctrine of respondeat superior.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court:

(a) RULES that the actions of the Defendants violated the rights of Timothy Lionel Williams under the Fourth, Fifth and Fourteenth Amendment to the United States Constitution and the laws of the District of Columbia;

(b)     ENTER JUDGMENT awarding Plaintiffs compensatory damages against all Defendants in an amount of $50,000,000.00;

(c)     ENTER JUDGMENT awarding punitive damages against the Defendant officers in an amount of $50,000,000.00;

(d)     ENTER JUDGMENT awarding costs and reasonable attorney's fees in this action as provided in 42 U.S.C. § 1983; and

(e)     GRANT the Plaintiffs any such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial in the aforementioned matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.

/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
D.C. Bar # 452807
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004
*Counsel for the Plaintiff*